UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PLAGAKIS,<br><br>    Plaintiff,<br><br>v.<br><br>OUTSOURCE UTILITY CONTRACTOR CORP.,<br><br>    Defendant. | Case No. 1:23-cv-00798-CDB<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. 4)<br><br>**ORDER REMANDING CASE TO STATE COURT** |

Pending before the Court is the motion to dismiss, filed May 31, 2023, and two related requests to take judicial notice by Defendant Outsource Utility Contractor Corp. (Docs. 4, 5, 13).[1] The Court has reviewed and considered the motion, requests to take judicial notice and supporting papers, as well as the opposition filed by Plaintiff Nicholas Plagakis and supporting papers (Doc. 7), and Defendant's reply (Doc. 12).

### I.  BACKGROUND

Plaintiff brings this action on behalf of himself and a putative class comprised of all current and former non-exempt employees that worked for Defendant either directly or through a staffing agency at any California location within the four years preceding the filing of the

---

[1] Following the parties' expression of consent to the jurisdiction of a United States magistrate judge for all proceedings, on July 5, 2023, the action was reassigned to the undersigned for all further proceedings, including trial and entry of judgment, pursuant to 28 U.S.C. § 636(c)(1).  (Doc. 16).

complaint (*e.g.*, April 11, 2023). (Doc. 1-5 p. 10).[2] Plaintiff alleges that he worked for Defendants as a "yard traffic technician and/or similar title(s)" from on or around April 2021, to on or around April 20, 2022, at various construction sites in the areas of Pasadena, Bishop, and Kernville, California. (*Id*. at 13). Plaintiff was paid an hourly rate and typically worked for five to 16 hours per day, at least five or six days per week.

Plaintiff's complaint asserts eight causes of action: (1) unpaid minimum wages in violation of California Labor Code ("Labor Code") §§ 1194 and 1197 and the applicable Industrial Welfare Commission ("IWC") Wage Orders; (2) unpaid overtime wages in violation of Labor Code §§ 510 and 1194 and the applicable IWC Wage Orders; (3) failure to provide meal periods or compensation in lieu thereof in violation of Labor Code §§ 226.7(a) and 512 and the applicable IWC Wage Orders; (4) failure to provide rest periods or compensation in lieu thereof in violation of Labor Code § 226.7(a) and the applicable IWC Wage Orders; (5) failure to furnish accurate itemized wage statements in violation of Labor Code § 226(a); (6) failure to timely pay all wages due upon separation of employment in violation of Labor Code §§ 201 and 202; (7) failure to reimburse business expenses in violation of Labor Code § 2802 and the applicable IWC Wage Orders; and (8) unfair competition in violation of California Business & Professions Code § 17200, et seq. (Doc. 7 p. 7).

Plaintiff filed his complaint on April 11, 2023, in the Superior Court of California for the County of Kern. On May 24, 2023, Defendant removed the action to this Court. (Doc. 1).

## II.     STANDARD OF LAW

**A.     Motion to Dismiss**

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, the complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). A party may move to dismiss based on a complaint's failure to

---

[2] The Court refers herein to the CM-ECF-assigned pagination for Doc. 1-5 (Plaintiff's complaint) and Doc. 5-1 (the applicable collective bargaining agreement).

2

state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). The pleading must allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). For purposes of a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

**B.     Request for Judicial Notice**

A court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion without converting the motion into one for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, a court may take judicial notice of a fact that is not subject to reasonable dispute when it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201.

Courts called on to adjudicate labor disputes involving a collective bargaining agreement routinely take judicial notice of those agreements when ruling on a motion to dismiss. *E.g.*, *Renteria-Hinjosa v. Sunsweet Growers, Inc*., No. 2:23-cv-01413-DJC-DB, 2023 WL 6519308, at *3 (E.D. Cal. Oct. 5, 2023), *appeal filed*, (Nov. 8, 2023); *Crescenciano Garcia v. The Wine Grp., Inc*., No. 1:19-cv-01222-DAD-JDP, 2020 WL 6445023, at *2 n.2 (E.D. Cal. Nov. 3, 2020); *Densmore v. Mission Linen Supply*, 164 F. Supp.3d 1180,1187-1188 (E.D. Cal. 2016); *Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp.3d 1187, 1193-94 (C.D. Cal. 2015). Further, the Court may take notice of filings in other courts. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

Consistent with these principles and given Plaintiff's non-opposition, Defendant's unopposed requests for the Court to take judicial notice of the record prior to removal, the collective bargaining agreement, and California's Division of Labor Standards Enforcement publication "*Which IWC Wage Order*" (Docs. 2, 5, 13) are GRANTED.

**C.     Preemption Under the LMRA**

Defendant claims that Plaintiff's claims are preempted by § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, because the claims are either founded by the rights created by a collective bargaining agreement (CBA) or "substantially dependent" on an analysis of a CBA.  (Doc. 4-1 p. 4) (citing *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007)).

The LMRA authorizes "federal courts to create a uniform body of common law to adjudicate disputes that arise out of labor contracts."  *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985)). Section 301 of the LMRA "vests federal courts with jurisdiction to hear suits 'for violation of contracts between an employer and a labor organization representing employees . . . without respect to the amount in controversy or without regard to the citizenship of the parties.'" *McCray v. Marriott Hotels Servs., Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018) (quoting 29 U.S.C. § 185(a)).

Preemption under the LMRA may apply where a plaintiff whose employment is governed by a CBA commences a labor-related lawsuit asserting state law claims.  The preemptive effect of § 301 applies to all "state law claims grounded in the provisions of a CBA or requiring interpretation of a CBA." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016).  "If a state law claim is 'either grounded in the provisions of the labor contract or requires interpretation of it,' the dispute must be resolved through grievance and arbitration," as defined in the CBA governing the employment.  *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 919 (9th Cir. 2018) (hereinafter *Schurke*) (quoting *Burnside*, 491 F.3d at 1059).

The Ninth Circuit employs a two-part test to determine whether a plaintiff's state law claims are preempted by the LMRA.  *Curtis*, 913 F.3d at 1152.  First, the state law claims are preempted by the LMRA if the asserted cause of action involves a "right [that] exists solely as a result of the CBA."  *Burnside*, 491 F.3d at 1059.  Second, even if the right implicated arises outside the CBA, the state law claim is preempted if it nevertheless is "substantially dependent on analysis of a [CBA]."  *Id*.  A claim is "substantially dependent" on the CBA if it requires interpretation of the CBA to resolve any active dispute between the parties as to the contract's

4

terms. *Schurke*, 898 F.3d at 921. LMRA preemption may be inapplicable where a state law claim does not raise questions about the scope, meaning, or application of the CBA. *Curtis*, 913 F.3d at 1153.

"'Substantial dependence' on a CBA is an inexact concept, turning on the specific facts of each case, and the distinction between 'looking to' a CBA and 'interpreting' it is not always clear or amenable to a bright-line test." *Cramer v. Consolidated Freightways Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) (citations omitted).

Although § 301 preemption furthers important interests, it "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994). States are well within their traditional police powers to set "minimum wages, regulating work hours and pay periods, requiring paid and unpaid leave, protecting worker safety, prohibiting discrimination in employment" as well as establishing other worker rights. *Curtis*, 913 F.3d 1146 (quoting *Schurke*, 898 F.3d at 919-20). "[C]laims alleging violations of such protections will not necessarily be preempted, even when the plaintiff is covered by a CBA." *Id*. (citing *Schurke*, 898 F.3d at 919-20).

### III. DISCUSSION

**A. Plaintiff's Claims for Unpaid Overtime Wages and Failure to Provide Meal and Rest Breaks are Excepted Under State Law and, thus, Preempted**

**1. Plaintiff's Second Cause of Action - Unpaid Overtime Wages**

Plaintiff alleges a statutory overtime claim pursuant to Labor Code § 510, which controls when employees are entitled to overtime compensation. Section 510 "do[es] not apply to an employee covered by a valid [CBA]" if (1) "the agreement expressly provides for the wages, hours of work, and working conditions of the employees," and (2) "the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal Lab. Code § 514.

Defendant argues that the applicable CBA meets all of the requirement of the § 514 exemption and, thus, any claim Plaintiff may have to overtime pay "exists solely as a result of the CBA and, therefore is preempted under § 301." (Doc. 4-1 p. 6) (quoting *Curtis*, 913 F.3d at

1154).

Plaintiff concedes that the CBA "triggers the exemption provided by California Labor Code § 514" and agrees that dismissal of his overtime claim under *Curtis* is warranted. (Doc. 7 pp. 6, 9). The Court agrees that Plaintiff's first cause of action is preempted under § 301 and must be dismissed. *See, e.g., Linebarger v. Graphic Packaging Int'l, LLC*, No. SACV 20-00309 JVS (JDEx), 2020 WL 1934958, at *5 (C.D. Cal. Apr. 22, 2020) (finding defendant satisfied the first step of the preemption test under § 514 where the applicable CBA provided for "working conditions, wage rates, and overtime hours worked"); *Diaz v. Sun-Maid Growers of Cal.*, No. 1:19-cv-00149-LJO-SKO, 2019 WL 1785660, at *7 (E.D. Cal. Apr. 24, 2019) (finding plaintiff's overtime claim was preempted by the LMRA because his "overtime right" was grounded in the CBAs and such rights under Labor Code § 510 are "negotiable and dependent").

### 2. Plaintiff's Third and Fourth Causes of Action – Meal and Rest Breaks

Plaintiff's statutory meal and rest break claims are based on Labor Code section 512, which provides in relevant part:

> (a) An employer shall not employ an employee for a work period for more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and the employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

Cal. Lab. Code § 512(a). However, this subdivision is not applicable to an employee specified in subdivision (f) if two conditions are satisfied:

> (1) The employee is covered by a valid [CBA].
>
> (2) The valid [CBA] expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal period for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 512(e)(1) & (2). Subdivision (f), in turn, specifies employees employed in a

6

"construction occupation," defined as:

> . . . all job classifications associated with construction by Article 2 (commencing with Section 7025) of Chapter 9 of Division 3 of the Business and Professions Code, including work involving alteration, demolition, building, excavation, renovation, remodeling, maintenance, improvement, and repair, and any other similar or related occupation or trade.

Cal. Lab. Code § 512(g)(2).

As with Plaintiff's overtime claim, if the section 512(e) exemption applies, any claim Plaintiff may have that meal and rest breaks improperly were withheld would arise solely under the CBA, and, thus, would be preempted under the LMRA. *See, e.g.*, *Correa v. A2 Railla Development Inc.*, No. 2:22-cv-07128-ODW (PDx), 2023 WL 6783987, at *6 (C.D. Cal. Apr. 7, 2023) (finding meal break claim preempted by § 301 where CBA met the requirements of section 512(e) and (f)); *Gunther v. N. Coast Coop., Inc.*, No. 20-CV-02325-RMI, 2020 WL 3394547, at *6-8 (N.D. Cal. June 19, 2020) (same).

Plaintiff argues his job as a yard traffic technician does not constitute a "construction occupation" within the meaning of Labor Code § 512(f). (*See* Doc. 7 p. 12 & n.1). However, as quoted above, § 512(f)'s definition of a construction occupation includes all job classifications associated with construction by "Article 2 (commencing with Section 7025) of Chapter 9 of Division 3 of the Business and Professions Code." Section 7026 of the Business and Professions Code defines a contractor in relevant part as someone who undertakes or purports to have the capacity to undertake work including "the preparation of removal of roadway construction zones, lane closures, flagging, or traffic diversions." Cal. Bus. & Prof. Code § 7026.

Furthermore, IWC Wage Order 16 includes "Flag person" as a "construction occupation." (Doc. 13-1 p. 34). "The IWC's wage orders are to be accorded the same dignity as statutes." *Abdullah v. U.S. Sec. Associates, Inc.*, 731 F.3d 952, 958 n.7 (9th Cir. 2013) (quotation and citation omitted). *See, e.g., Parker v. Cherne Contracting Corp.,* No. 18-CV-01912-HSG, 2019 WL 359989, at *5 (N.D. Cal. Jan. 29, 2019) ("Plaintiff is exempted from her ... meal period claims brought under ... IWC Wage Order 16-2001 ... Plaintiff therefore has asserted no rights that exist independently of the [collective bargaining agreement], and these claims are

7

preempted.").

Thus, because he was employed as a yard traffic technician engaged in traffic control work (Doc. 1-5 p. 6; Doc. 5-1 p. 32), Plaintiff satisfies the definition of "contractor" within the meaning of Section 7026 of the Business and Professions Code. And because Labor Code § 512(f) expressly incorporates the position of "contractor" in the definition of "construction occupation," Plaintiff meets the § 512(f) criteria. Accordingly, the Court now considers whether the remaining two criteria are satisfied to trigger the § 512(e) exemption.

First, there is no dispute that Plaintiff is covered by a valid collective bargaining agreement – Plaintiff concedes that his statutory overtime claim is preempted under Labor Code § 514, which applies only when the employee is covered by a valid collective bargaining agreement. Thus, the § 512(e)(1) criteria is satisfied.

Second, for the section 512(e) exemption to apply, the CBA must expressly provide for (1) meal periods, (2) "final and binding" arbitration of disputes concerning application of meal period provisions, and (3) "premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate." Cal. Lab. Code § 512(e)(2).

By conceding that § 514 operates to preempt Plaintiff's overtime claim, he also must concede that the identical provisions for premium wage rates in both § 514 and § 512(e)(2) are satisfied. Plaintiff makes no argument to the contrary in his opposition. *See generally* Doc. 7.

Nor does Plaintiff advance any argument against finding the remaining two components of § 512(e)(2) are satisfied. Section 3.01(a) of the CBA provides that "[t]he lunch period shall be between the hours of 11:00 A.M. and 1:30 P.M." (Doc. 5-1 p. 11). Likewise, the CBA provides a grievance procedure that may result in referral to the Labor-Management committee. *Id*. at pp. 6-7.

Labor Code § 226.7 provides for a similar conditional exemption applicable to rest periods. The exemption is applicable when:

> (A) The employee is covered by a valid collective bargaining agreement.

> (B) The valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for rest periods for those employees, final and binding arbitration of those disputes concerning application of its rest period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than one dollar more than the state minimum wage.

Cal. Lab. Code § 226.7(3)(A)(B) (providing an exemption where there is a valid CBA and the CBA expressly provides for rest periods in addition to the requirements set forth in Cal. Lab. Code § 514).

Exemptions under Labor Code § 512(e)(2) and § 226.7 operate in a similar manner to section 514 as discussed in *Curtis*. That is, since those state statutes related to rest and meal periods are subject to exclusions, where the exclusions operate, any right an employee like Plaintiff may have to the associated benefits would arise under the CBA, and, thus, fail the first prong of the *Burnside* test. *Curtis*, 913 F.3d at 1151. *See, e.g., Schwiyhat v. Martin Marietta Materials*, No 3:23-cv-00283-JSC, 2023 WL 6626129, at *7 (N.D. Cal. Oct. 10, 2023) (finding that if the section 512 exemption applies, the right to meal breaks would exist solely as a result of the CBA and the claim would be preempted); *Correa*, 2023 WL 6783987, at *5-7 (same); *Radcliff v. San Diego Gas & Elec. Co.*, 519 F. Supp.3d 743, 751 (S.D. Cal. 2021) (same). Since the Court finds the CBA meets the exemptions under Labor Code §§ 512(e) and 226.7 and the relevant IWC order, Plaintiff's rest and meal breaks exist solely as a result of the CBA. Thus, Plaintiff's rest and meal break claims are preempted by § 301 of the LMRA.

**B.     Plaintiff's Remaining Claims Do Not Require Interpretation of the CBA and, thus, are Not Preempted**

### 1.   Plaintiff's Seventh Cause of Action - Reimbursement

Plaintiff's claim for reimbursement of expenses seeks recovery for the costs he incurred in connection with using his personal cellular device, driving his personal vehicle, and purchasing and maintaining work tools and safety gear. (Doc. 1-5 pp. 21-23). Among other things, Plaintiff alleges he was required to use his personal cell phone for calls and messages, but Defendant did not reimburse him. Additionally, Plaintiff was not reimbursed in full for the business use of his personal vehicle, which included mileage, wear and tear, or gasoline expenditures when he was

9

1   required to travel between work sites and for other purposes. *Id.* pp. 21-21.

2   In opposition, Defendant argues this claim is preempted because it "requires the factfinder
3   to interpret the CBA." (Doc. 4 p. 9). Specifically, Defendant cites a provision of the CBA
4   addressing tools:

> Section 2.05 All workmen shall provide hand tools themselves with all hand tools necessary to perform their work.  The Employer shall furnish all other necessary tools and equipment, including power tools.

8   *Id.* (citing Doc. 5-1 p. 8). In reply, Defendant elaborates that the reimbursement claim will
9   require interpretation of the terms "workmen," "hand tools" and "maintenance" as used in the
10  CBA. (Doc. 12 p. 12). Defendant similarly argues that the claim will require interpretation of the
11  CBA's provisions concerning the employer's duty to provide for transportation and related costs.
12  *Id.* pp. 12-13.

13  Under the second step of the *Burnside* analysis, "claims are only preempted to the extent
14  there is an active dispute over the meaning of contract terms." *Brasier v. Valdez Painting, Inc.*,
15  No. 2:20-cv-01223-KJM-AC, 2020 WL 5518463, at *2 (E.D. Cal. Sept. 14, 2020). Here, none of
16  the terms cited by Defendant are "actively disputed." *Livadas*, 512 U.S. at 124. ("[W]hen the
17  meaning of the contract terms is not the subject of dispute, the bare fact that a collective-
18  bargaining agreement will be consulted in the course of state-law litigation plainly does not
19  require the claim to be extinguished."); *Schurke*, 894 F.3d at 921 (same). Thus, "alleging a
20  hypothetical connection between the claim and the terms of the CBA is not enough to preempt the
21  claim." *Burnside*, 491 F.3d at 1060 (quoting *Cramer*, 255 F.3d at 691).

22  A defendant's "proffered interpretation argument must reach a reasonable level of
23  credibility." *Cramer*, 255 F.3d at 692. Here, while the three CBA terms and the transportation
24  provision cited by Defendant may require a Court to look to the CBA, Defendant does not
25  develop a credible theory as to how or why a Court necessarily would be called upon to undertake
26  contract interpretation. Claims are not preempted when they "tangentially involv[e] a provision
27  of a [CBA]." *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir. 1993) (citations
28  and internal quotation marks omitted). If, as here, the claims simply "refer to a CBA-defined

right, rely in part on a CBA's terms of employment, run parallel to a CBA violation, or invite use of the CBA as a defense" then they do not trigger § 301 preemption. *Schurke*, 898 F.3d at 921 (citations omitted).

### 2. Plaintiff's Remaining Causes of Action are not Preempted

Defendant argues that Plaintiff's first, fifth, sixth and eighth causes of action are derivative of the overtime and meal and rest break claims this Court finds are preempted. (Doc. 4-1 pp. 10-11). For instance, Defendant asserts Plaintiff's claim for failure to pay minimum wages (first cause of action) is based on the same "off the clock" work and meal period violations raised in Plaintiff's overtime and meal penalty claims. *Id.* Defendant further argues that the asserted rights implicated in these four so-called derivative causes of action "exist solely as a result of the CBA" and would be preempted because resolving Plaintiff's entitlement to the rights would require "interpretation of the CBA" *Id*.

Although the parties dispute whether these four causes of action are fully, or only partially, derivative of the overtime, meal and rest period claims the Court finds are preempted, the distinction between being fully or partially derivative is largely immaterial here. *Cf.* Doc. 7 pp. 12-14 *with* Doc. 12 pp. 13-14.

True enough – where a court finds a claim preempted by section 301 of the LMRA because it is "substantially dependent" on and would require interpretation of a CBA, derivative state law claims likewise would be substantially dependent on and require *the same* interpretation of a CBA, and, thus, would be preempted to the same extent for the same reason.

Take, for instance, a case relied upon by Defendant, *Estrada v. Kaiser Foundation Hospital*. (Doc. 12 p. 14) (citing *Estrada*, No. 14-CV-04465, 2014 WL 7387958 (N.D. Cal. Dec. 29, 2014)). In that case, the Court found that Plaintiff's labor code claims were preempted because the parties disagreed about the CBA's terms and resolving the dispute would require the Court to interpret the CBA. *Id.* at *7-8. Because the plaintiff's UCL claim was "entirely derivative" of the labor code claims, it, too was preempted. In an unpublished panel opinion, the Court of Appeals affirmed, noting that the labor code claims were preempted because "the complaint advances a contested interpretation" of the CBA, and that the derivative UCL claim

likewise was preempted. 678 Fed. Appx. 494, 497 (9th Cir. 2017).

However, *Estrada* and cases like it do not support Defendant's argument here that Plaintiff's claims derivative of his overtime, meal and rest break claims necessarily are preempted. That is because Plaintiff overtime, meal and rest break claims are preempted because a California statutory exemption applies – not because the Court concludes that resolving those claims would substantially depend on its interpretation of CBA terms disputed by the parties.

Although throughout its briefing Defendant summarily recites that resolution of Plaintiff's derivative wage, wage statement and UCL claims necessarily will require "interpretation" of the CBA, it cites very few examples in support of its position.

As for one specific example, Defendant argues the CBA eliminates any entitlement Plaintiff otherwise may have to statutory sick leave because the parties to the CBA waived those statutory provisions. (Doc. 4-1 p. 11). As such, Defendant asserts that resolving Plaintiff's cause of action for failure to pay at separation (sixth cause of action) "will require the factfinder to interpret the CBA." *Id.* The Court disagrees. Plaintiff's sixth cause of action pleads only that his separation pay did not include sick leave that was "owed." (Doc. 1-5 p. 28). Whether or not Plaintiff is "owed" sick leave would require the Court merely to refer to the CBA – not interpret any contested provision. *See Schurke*, 898 F.3d at 921 (claims that "refer to a CBA-defined right, rely in part on a CBA's terms of employment, run parallel to a CBA violation, or invite use of the CBA as a defense" do not trigger § 301 preemption) (citations omitted).

In another example, Defendant argues the CBA will require interpretation to resolve whether the parties intended the CBA to supplant any statutory meal/rest period entitlement (because the CBA provides for different meal/rest periods). (Doc. 12 p. 11). But Defendant fails to cite the Court to any relevant language in the CBA regarding the intent of the CBA parties that either is disputed or controversial enough to implicate the need to interpret contractual terms. *See Arredondo-Macias v. SBM Site Services, LLC*, No. 23-3599 FMO (AFMx), 2023 WL 3818353, at *3 (C.D. Cal. June 5, 2023) ("defendant fails to present any provisions that are disputed by the parties, or any that are complex enough to require interpretation as opposed to simple application").

12

Although claims for inaccurate wage statements might require reference to a CBA, the relevant provisions typically do not require interpretation, rendering preemption inapplicable. *E.g., Vasserman v. Henry Mayo Newhall Memorial Hosp.*, 65 F.Supp.3d 932, 963 (C.D. Cal. Dec. 5, 2014); *Bonilla v. Starwood Hotels & Resorts Worldwide, Inc.*, 407 F.Supp.2d 1107, 1112-13 (C.D. Cal. 2005) (rejecting preemption argument where "defendant fails to present any provisions that are disputed by the parties, or any that are complex enough to require interpretation as opposed to simple application").

The Court of Appeals' opinion in *Ward v. United Airlines, Inc.* and its application of the two-step preemption analysis to a Labor Code § 226 claim is instructive here. In *Ward*, the Court found that a claim under section 226 was not preempted by the Railway Labor Act ("RLA"), a statute whose preemptive application is "virtually identical" to preemption under § 301 of the LMRA. 986 F.3d 1234, 1244 (9th Cir. 2021). *See Schurke*, 898 F.3d at 914 & n.1.

At step one, the Court in *Ward* found that the section 226 claim was not preempted as the claim sought to vindicate a right created by California law, not one created by the CBA. *Ward*, 986 F.3d at 1244. At the second step, the Court found that resolution did not require interpretation of the CBA as the Court would simply examine the wage statements plaintiffs received to determine whether they complied with § 226. *Id*. *See Arredondo-Macias v. SBM Site Services, LLC*, No. 23-3599 FMO (AFMx), 2023 WL 3818353, at *3 (C.D. Cal. June 5, 2023) (finding claims not preempted under the LMRA; reasoning that although a claim would implicate a CBA's provisions, it did not establish that the court would need to interpret the CBA).[3]

Following *Ward* and the other authorities cited above, because Defendant has failed to demonstrate that Plaintiff's remaining state law claims substantially depend on and would require interpretation of the CBA, the Court finds these claims are not preempted by the LMRA.

**C.    Leave to Amend**

Plaintiff requests leave to "amend where any amendment would not be futile." (Doc. 7 p.

---

[3] Because the Court finds Plaintiff's state law causes of action are not preempted, and because the associated allegations form the basis of Plaintiff's related UCL claim, the UCL claim survives as well. *See Dominguez v. Western States Fire Protection Co.*, 2022 WL 2234955, at *6 (C.D. Cal. Feb. 2, 2022) ("Because most claims remain and Plaintiff has properly referred to those claims in his unfair competition allegations, this claim survives as well.").

13

19).  Leave to amend is to be granted "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(1).  However, a court is not required to grant leave to amend where the amendment would be futile. *Chinatown Neighborhood Ass'n v. Harris*, 794 F3d 1136, 1145 (9th Cir. 2015).

Here, the Court dismissed Plaintiff's overtime, meal and rest period claims.  Because those claims are LMRA-preempted, amendment of the causes of action would be futile.  *E.g., Schwanke v. Minim Prods., Inc.*, No, 2021 WL 4924772, at *4-7 (C.D. Cal. May 24, 2021) (dismissing LMRA-preempted claims with prejudice, notwithstanding unexhausted grievance procedure that was not clear and unmistakable); *Loaiza v. Kinkisharyo Int'l, LLC,* No. A CV19-07662 JAK (KSx), 2020 WL 5913282, at *19-20 (C.D. Cal. Oct. 6, 2020) (same); *accord*, *Dominguez*, 2022 WL 2234955, at *6 (denying leave to amend; "Plaintiff's meal and rest period grievances arise solely from the CBA, and therefore must be pursued according to the CBA's grievance procedure.").

However, any failure by Plaintiff to exhaust the CBA's grievance procedure does not warrant dismissal of his non-preempted claims at this time.

The right of an employee to a judicial forum for statutory claims can be waived by a union's CBA where such a waiver is "clear and unmistakable." *Wright v. Universal Maritime Serv. Corp.,* 525 U.S. 70, 80-81 (1998).

The CBA at issue here does not provide that any statutory claim is arbitrable. *See* (Doc. 5-1 p. 7).  A "clear and unmistakable" waiver must at least "identify the specific statutes the agreement purports to incorporate or include an arbitration clause that explicitly refers to statutory claims."  *Wawock v. CSI Elec. Contractors, Inc.*, 649 Fed. Appx. 556, 558-59 (9th Cir. 2016) (quoting *Ibarra v. UPS*, 695 F.3d 354, 356-60 (5th Cir. 2012)).  Neither the sections of the CBA cited by Defendant nor, indeed, any provision of the CBA governing grievances and disputes includes references to any specific statutes. (Doc. 5-1 pp. 6-7).

The CBA's grievance and arbitration procedures do not provide a basis to dismiss any of Plaintiff's non-preempted claims as the purported grievance procedure is not "clear and unmistakable."  Thus, the Court finds that the CBA's grievance procedure does not bar Plaintiff from bringing his non-preempted state law claims in a judicial forum.

**D.     Supplemental Jurisdiction**

The Court has dismissed all claims over which it has original jurisdiction, and the Court will therefore exercise its discretion to decline supplemental jurisdiction over Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367(c). The Supreme Court has held that supplemental jurisdiction is discretionary and that "needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

Because the Court has not considered the merits of Plaintiff's allegations and Plaintiff asserts that his state law claims raise independent issues, the Court concludes that judicial economy favors declining to exercise supplemental jurisdiction. *See Schwanke v. Minim Prods., Inc.*, No, 2021 WL 4924772, at *8 (C.D. Cal. May 24, 2021); *Tolentino v. Gillig, LLC*, No. 20-cv-07427-MMC, 2021 WL 121193, at *7 (N.D. Cal. Jan. 13, 2021) ("given the early stage of the proceedings, the Court declines to exercise supplemental jurisdiction over the state law claims, and those claims will be remanded to state court"). Accordingly, the Court remands Plaintiff's non-preempted claims to state court. *E.g.*, *Chatman v. WeDriveU, Inc.*, No. 3:22-cv-04849-WHO, 2022 WL 15654244, at *13 (N.D. Cal. Oct. 28, 2022) (sua sponte remanding non-preempted class claims).

*Remainder of This Page Intentionally Left Blank*

### IV.     CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED that Defendant's motion to dismiss (Doc. 4) is GRANTED IN PART and DENIED IN PART, as follows:

1. The motion is GRANTED as to Plaintiff's Second, Third and Fourth causes of action and those claims are DISMISSED WITH PREJUDICE.

2. The motion is DENIED as to remaining causes of action.

It is FURTHER ORDERED that the action is remanded to Kern County Superior Court. Upon remand, the Clerk of Court is DIRECTED to enter judgment accordingly and close this case.

IT IS SO ORDERED.

Dated:     **December 11, 2023**                               _____
                                                                                        UNITED STATES MAGISTRATE JUDGE